IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|   |   |
|---|---|
| IN RE ) | |
| ) | |
| SANCEDRIC L. WILLIAMS, ) | CASE NO. 08-37433-H3-13 |
| ) | |
| Debtor, ) | |
| ) | |

MEMORANDUM OPINION

The court has held a hearing on the "Debtor's Emergency Motion for Reconsideration of Debtor's Motion for Extension of the Automatic Stay Pursuant to 11 U.S.C. Section 362(c)(3)(B)" (Docket No. 22). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Sancedric L. Williams ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the instant case on November 21, 2008. Prior to the filing of the petition in the instant case, Debtor filed the petition in Case No. 08-32070-H3-13 on March 31, 2008. Case No. 08-32070-H3-13 was dismissed by order entered October 22, 2008.

Debtor's counsel in Case No. 08-32070-H3-13 was Rolfe W. Goode.  Goode also is Debtor's counsel of record in the instant case.

In the instant case, on December 12, 2008, 21 days after the date of filing of the petition in the instant case, Debtor filed a motion to continue the automatic stay as to all creditors, "and that the Debtor have such other and further relief, both at law and in equity, to which he may show himself justly entitled."  (Docket No. 8).  The motion to continue the stay was set for an emergency evidentiary hearing on December 17, 2008.

At the December 17, 2008 hearing, Debtor testified that Case No. 08-32070-H3-13 was dismissed because he lost his job, and was unable to make the payments called for under the confirmed plan in that case.  He testified that he is now employed, and that he had made the first payment under the proposed plan in the instant case.  He testified that he had obtained papers from the Chapter 13 Trustee to prepare a wage order.[1]

---

[1] A wage order is an order signed and entered by the bankruptcy court directing a debtor's employer to withhold the debtor's Chapter 13 plan payment from the debtor's wages and remit the payment to the Chapter 13 trustee.  This judge requires the filing of either a motion for entry of a wage order, or a proposed wage order bearing the signature of either the debtor or debtor's counsel, in order to demonstrate the provenance of the proposed form of wage order.  Wage orders, and motions for entry of wage orders, are typically submitted by Debtors, but may also be submitted by the Chapter 13 Trustee.

At the conclusion of the December 17, 2008 hearing, the court announced the following oral ruling: "This application can be approved, provided that the wage order or an ACH[2] is filed promptly, and in no event later than December twenty-second."

Debtor did not submit a proposed wage order or file a notice regarding an ACH draft before December 22, 2008. On January 6, 2009, an order was entered denying Debtor's motion for continuation of the stay, for the reason that Debtor failed to certify by December 22, 2008 his fulfillment of the conditions stated at the December 17, 2008 hearing. (Docket No. 15).

On January 14, 2009, Debtor filed a document titled "Certificate of Compliance," indicating that a wage order "was signed and filed with the United States Chapter 13 Trustee" on December 20, 2008. The document refers to "Exhibit No. 1 attached hereto." There is no exhibit attached to the document. (Docket No. 21).

On January 16, 2009, Debtor filed the instant motion for reconsideration. In the instant motion, Debtor pleads that he delivered information for preparation of a wage order to the

---

[2]ACH is an automated clearinghouse draft of a bank account. A debtor typically arranges an ACH draft directly with the Chapter 13 Trustee. There is typically no record on the docket sheet of an ACH draft, so this judge requires, when an ACH draft is intended to fulfill a condition for continuation of the automatic stay, that the debtor or debtor's attorney file with the court a notice of execution of the ACH draft. The court has subsequently amended its local rules to permit payment by electronic funds transfer (EFT).

3

Chapter 13 Trustee, but that Debtor's counsel failed to follow up with Debtor or Trustee, because counsel was on vacation from December 19, 2008 through January 5, 2009.

At the hearing on the instant motion, held on February 4, 2009, Debtor testified that Chapter 13 plan payments have been deducted from Debtor's last three paychecks.  He testified that he is current on payments to the Chapter 13 Trustee under his proposed plan.

At the conclusion of the February 4, 2009 hearing, the court directed Goode to check into the status of a wage order. Debtor still has not filed with the court either a proposed form of wage order or an ACH notice.

## Conclusions of Law

Under Section 362(c)(3)(A) of the Bankruptcy Code, with exceptions not pertinent to the instant case, the automatic stay terminates on the 30th day after the date of filing of a case filed by an individual who was a debtor in a case dismissed within the preceding year.  11 U.S.C. § 362(c)(3)(A).

Section 362(c)(3)(B) provides:

> [O]n the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the fling of the later case is in good faith as to the creditors to be stayed.

4

11 U.S.C. § 362(c)(3)(B).

A presumption applies that the case has not been filed in good faith if, <u>inter alia</u>, the debtor failed to perform the terms of a confirmed plan.  11 U.S.C. § 362(c)(3)(C)(i)(II)(cc).

This court generally requires the submission of a wage order or EFT order by promptly after the meeting of creditors in a case.  <u>See</u> Local Bankruptcy Rule 2003.

With respect to cases before this judge, the court generally has not granted extension or continuation of the automatic stay in the absence of proof of a wage order, ACH debit, or EFT authorization, to ensure that plan payments are made.

As a threshold matter, the court must consider whether it has the authority to grant the instant motion.  Under Section 362(c)(3)(B), relief can be granted only "after notice and a hearing completed before the expiration of the 30-day period." In <u>In re Toro-Arcila</u>, 334 B.R. 224 (Bankr. S.D. Tex. 2005), the court held that where a motion was filed before the 30-day period had expired, but could not be heard on sufficient notice before the 30-day period had expired, the court lacked jurisdiction to grant relief under Section 362(c)(3)(B).  The court nonetheless granted relief imposing a stay under Section 362(c)(4).

In <u>In re Ortiz</u>, 355 B.R. 587 (Bankr. S.D. Tex. 2006), the court assumed jurisdiction to reconsider a ruling denying a

motion to impose the automatic stay under Section 362(c)(4).

Opinions addressing reconsideration of rulings in bankruptcy cases have applied Bankruptcy Rules 9023 and 9024.[3] The only published opinions addressing Bankruptcy Rules 9023 and 9024 to motions to extend stay reject the substantive theory that the court may, on first motion, "reconsider" the statutory termination of the stay.  See In re Ajaka, 370 B.R. 426 (Bankr. N.D. Ga. 2007); In re Reed, 370 B.R. 414 (Bankr. N.D. Ga. 2006). They do not address the situation in which parties seek reconsideration of the court's ruling on a motion to extend stay.

The instant case presents a question of first impression as to whether the court may reconsider an order regarding a motion to extend the stay under Section 362(c)(3)(B) after the expiration of the initial 30-day period.  The instant case differs from Toro-Arcila in that the hearing was commenced on sufficient notice and completed before the expiration of the 30-day period.  It also differs from Ortiz in that what was initially sought was not an imposition of a stay, but rather the extension of the automatic stay beyond the initial 30-day period in the instant case.  It differs from Ajaka and Reed in that the instant case addresses this court's previous ruling denying the motion.

---

[3]The court notes that the instant motion was filed timely for consideration under Rule 59(e) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 9023.

Bankruptcy Rules 9023 and 9024 apply Rules 59 and 60 of the Federal Rules of Civil Procedure to cases under the Bankruptcy Code, with certain enumerated exceptions. The enumerated exceptions do not include the question of whether to extend the stay under Section 362(c)(3)(B). The court concludes that Rules 59 and 60 of the Federal Rules of Civil Procedure Apply.

However, notwithstanding the applicability of Rule 59(e), the Bankruptcy Rules "shall not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075.

The application of Rule 59(e) to permit the court to retroactively grant an extension of stay, after the court has denied such an extension, and the time to grant an extension has expired, appears to enlarge a substantive right conferred by the Bankruptcy Code. Thus, such application of Rule 59(e) is barred by 28 U.S.C. § 2075. The court concludes that relief cannot be granted on reconsideration, under Section 362(c)(3)(B) of the Bankruptcy Code, after the 30-day period of Section 362(c)(3)(B) expires.

To the extent the underlying motion to extend stay sought "other and further" relief, the court could consider, on reconsideration, whether to grant relief under Section 362(c)(4).[4] The court's determination of such a motion for

---

[4] Pursuant to Section 362(c)(4)(B), such relief must be sought within the first 30 days after the date of filing of the

reconsideration fits squarely within the rule in Ortiz.  However, in the instant case, Debtor still has not complied with this court's condition to file either a wage order or an ACH.  When the court conditions the extension of stay or imposition of stay on the filing of a wage order, or ACH or EFT authorization, it is incumbent upon the Debtor and Debtor's counsel to comply with the condition by filing documents with the court.  Counsel should not presume that the submission of documents to the Chapter 13 Trustee will result in the timely satisfaction of the condition. The court concludes that, to the extent that the request for "other and further" relief might be considered to request relief pursuant to 11 U.S.C. § 362(c)(4), that request is denied, in light of Debtor's continued failure to file a wage order, or ACH or EFT authorization in the above captioned case.

   Signed at Houston, Texas on February 11, 2009.

             _____
             LETITIA Z. CLARK
             UNITED STATES BANKRUPTCY JUDGE

---

later case.